**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUDY ALIFERIS and | ) | |
| BRIAN GAUGHAN | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 15-cv-3489 |
| | ) | |
| v. | ) | Hon. Judge Edmond E. Chang |
| | ) | Magistrate Judge Mary M. Rowland |
| GENERATIONS HEALTH CARE | ) | |
| NETWORK AT OAKTON PAVILLION, LLC | ) | |
| and GENERATIONS HEALTH CARE | ) | JURY DEMAND |
| NETWORK AT OAKTON ARMS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT FOR VIOLATION OF THE**
**AMERICANS WITH DISABILITIES ACT AND THE ILLINOIS HUMAN RIGHTS ACT**

Plaintiffs Judy Aliferis and Brian Gaughan by and through their attorneys, Kinoy, Taren & Geraghty, P.C., complain against Defendants as follows:

**INTRODUCTION**

This is a complaint for wrongful termination brought by Plaintiffs Judy Aliferis and Brian Gaughan, former employees of Defendants. Aliferis and Gaughan contend that they were discharged in violation of the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (IHRA). Specifically, Aliferis contends that she is an individual with a disability within the meaning of the ADA and the IHRA, and that Defendants discharged her because of her disability. Plaintiff Gaughan claims that he was discharged based on his protected association with a person with a disability, Judy Aliferis.

1

## PARTIES

1.      Plaintiff, Judy Aliferis is a 56 year old citizen of the United States residing in Arlington Heights, Illinois.  Plaintiff was employed by Defendants' predecessor, Oakton Pavillion, Inc., as a Registered Nurse (RN) beginning in 2007.  At the time of her termination, Plaintiff was employed as Director of Nursing at Defendants.

2.      Plaintiff, Brian Gaughan, is a 55 year old citizen of the United States residing in Arlington Heights, Illinois.  Plaintiff was employed by Defendants' predecessor, Oakton Pavillion, Inc., beginning in July, 2012 as a receptionist.

3.      Defendant Generations Healthcare Network at Oakton Pavillion, LLC, a skilled nursing facility, is an Illinois corporation with its principal place of business in Des Plaines, Illinois.

4.      Defendant Generations Healthcare Network at Oakton Arms, LLC, also a skilled nursing facility, is an Illinois corporation with its principal place of business in Des Plaines, Illinois.

5.      Plaintiffs Aliferis is a qualified individual within the meaning of 42 U.S.C. §12111(8). Plaintiff Gaughan is a qualified individual who has a known relationship with a qualified individual with a disability within the meaning of 42 U.S.C. §12112(b)(4).

6.      Defendants are employers within the meaning of the ADA, 42 U.S.C. §12111(5) and the IHRA 775 ILCS 5/2 101(B).

## JURISDICTION AND VENUE

7.       Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1343 (3) and 1343 (4), and 42 U.S.C. §2000e-5(3) and pursuant to 28 U.S.C. §1367 (supplemental jurisdiction). Venue is appropriate in the United States District Court for the Northern District of Illinois

pursuant to 28 U.S.C. §1391(b) as all of the acts and omissions giving rise to Plaintiffs' claims

occurred there and Plaintiffs and Defendants may be found in this judicial district.

## FACTS

8.      Prior to September 1, 2014, Plaintiffs were employed by Oakton Pavillion, Inc., a

predecessor to Defendants.

9.      While employed by Defendants and the predecessor, Oakton Pavillion, Inc.,

Plaintiffs Aliferis and Gaughan have been in a common law marriage, a fact which was known to

Defendants.

10.      Plaintiff Aliferis was diagnosed with breast cancer in March, 2014.

11.      At the time of her diagnosis, Jay Lewkowitz was the Director of the facility and

Maureen Krahl was the assistant director of the facility where Plaintiffs were employed.

12.      Plaintiff Aliferis asked for and was granted FMLA leave to address her health

concerns after her diagnosis and from March until August, 2014, Plaintiff was allowed

intermittent medical leave to address her ongoing needs for treatment, including chemotherapy.

13.      In August, 2014, Defendants came under new management and as of September

1, 2014, Bart Barrish became the new director of the facility, replacing Jay Lewkowitz.

14.      Bart Barrish was specifically aware of Plaintiff Aliferis's disability.

15.      Prior to September 1, 2014 and without the knowledge of Plaintiff Aliferis,

Defendants hired Felipe Rodriguez to act as a consultant/Director of Nursing for Defendants.

16.      During the first week of September 2014, Plaintiff Aliferis met with Felipe

Rodriguez. Aliferis told Rodriguez that while she was undergoing chemotherapy she should not

be required to be present on the resident-patient floors due to the risk of infection. Plaintiff

Aliferis also told Rodriguez that she was scheduled for a mastectomy on September 22, 2014.

3

17.     Barrish terminated Plaintiff Aliferis on September 11, 2014, telling her and others that she was unable to perform her job duties because of her health.

18.     In early September, Plaintiff Gaughan submitted a request to be off work on September 11, 2014 from 9:00 a.m. to 3:00 p.m. in order to take Plaintiff Aliferis to her medical appointment.

19.     Although Plaintiff Gaughan's request for leave was approved, he was terminated the day after he took Plaintiff Aliferis to the doctor.

**FIRST CLAIM FOR RELIEF UNDER THE ADA – PLAINTIFF ALLIFERIS**

20.     Defendants, through their agents and employees, terminated Plaintiff Aliferis on the basis of her disability in violation of the ADA.

21.     Defendants' actions have been in willful and wanton violation of Plaintiff Aliferis's rights.

22.     Plaintiff Alliferis has fulfilled all conditions precedent to the institution of this action under the ADA.  Plaintiff Aliferis filed her charge of discrimination with the Equal Employment Opportunity Commission on October 31, 2014 and received her Right to Sue on March 3, 2015 which has been marked as Exhibit A and attached hereto.

**SECOND CLAIM FOR RELIEF UNDER THE IHRA – PLAINTIFF ALIFERIS**

23.     Defendants, through their agents and employees, terminated Plaintiff Aliferis on the basis of her disability in violation of the IHRA.

24.     Defendants' actions have been in willful and wanton violation of Plaintiff Aliferis's rights.

25.     Plaintiff Aliferis has fulfilled all conditions precedent to the institution of this action under the IHRA. Plaintiff Aliferis filed her claim with the Illinois Department of Human

4

Rights on November 14, 2014 and received a Notice of Dismissal from the IDHR on April 3, 2015, which has been marked as Exhibit B and attached hereto.

### THIRD CLAIM FOR RELIEF UNDER THE ADA – PLAINTIFF GAUGHAN

26.     Defendants have intentionally discriminated against Plaintiff Gaughan by terminating him based on his association with a disabled person in violation of the ADA.

27.     Defendants' actions have been in willful and wanton violation of Plaintiff Gaughan's rights.

28.     Plaintiff Gaughan, has fulfilled all conditions precedent to the institution of this action under the ADA.  Plaintiff Gaughan filed his charge of discrimination with the Equal Employment Opportunity Commission on October 31, 2014 and received his Right to Sue on March 3, 2015 which has been marked as Exhibit C and attached hereto.

### FOURTH CLAIM FOR RELIEF UNDER THE IHRA – PLAINTIFF GAUGHAN

29.     Defendants have intentionally discriminated against Plaintiff Gaughan by terminating him based on his association with a disabled person in violation of the IHRA.

30.     Defendants' actions have been in willful and wanton violation of Plaintiff Gaughan's rights.

31.     Plaintiff Gaughan has fulfilled all conditions precedent to the institution of this action under the IHRA. Plaintiff Gaughan filed his claim with the Illinois Department of Human Rights on November 14, 2014 and received a Notice of Dismissal from the IDHR on April 8, 2015, which has been marked as Exhibit D and attached hereto.

WHEREFORE, Plaintiffs Aliferis and Gaughan respectfully request that this Court grant the following relief after trial by jury against Defendants.

a.  Enter a declaratory judgment that the acts and omissions complained of herein are in violation of the ADA and the IHRA.

b. Award Plaintiffs their lost wages including lost benefits which resulted from this illegal discrimination;

c. Order Plaintiffs reinstated to their former positions with comparable salary and benefits.

d. Award Plaintiffs compensatory and punitive damages;

e. Award Plaintiffs the costs of this action, including their reasonable attorneys' fees and further relief as this court deems necessary and appropriate after trial by jury against Defendants.

Respectfully Submitted,

**/s/ Miriam N. Geraghty**

Miriam N. Geraghty
Jeffrey L. Taren
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan Ave., Ste. 490
Chicago, IL 60604
(312) 663-5210
Fax: (312) 663-6663
mgeraghty@ktglawyer.com