**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| JUDY ALIFERIS and | ) | |
| BRIAN GAUGHAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 15-cv-3489 |
| | ) | The Honorable Judge Edmond E. |
| GENERATIONS HEALTH CARE NETWORK | ) | Chang |
| AT OAKTON PAVILLION, LLC | ) | |
| and GENERATIONS HEALTH CARE NETWORK | ) | |
| AT OAKTON ARMS, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW AGAINST PLAINTIFF ALIFERIS

Defendant, Generations Health Care Network at Oakton Pavillion, LLC ("Oakton

Pavillion" or "Defendant"), by and through its attorneys at Gordon & Rees, LLP, respectfully

moves this Honorable Court for an Order granting its Fed. R. Civ. P. 50(a) Motion for Judgment

as a Matter of Law against Plaintiff Judy Aliferis and in favor of Defendant on Aliferis' claims

for disability discrimination under the Americans with Disabilities Act and the Illinois Human

Rights Act, and on Aliferis' claim for damages. In support of its motion, Defendant states as

follows:

## FACTUAL BACKGROUND

### I.     STATEMENT OF THE CASE

Oakton Pavillion, LLC is a skilled nursing facility located in Des Plaines, Illinois. Co-

Defendant Oakton Arms is an independent senior living facility. Oakton Arms and Oakton

Pavillion purchased the respective businesses and buildings and began operations on September

1

1, 2014.  Plaintiff Judy Aliferis ("Plaintiff" or "Aliferis") worked for Defendant as the Director of Nursing from September 1, 2014 until her termination on September 11, 2014.  The Administrator of both facilities was and is Mr. Bart Barrish.  Ms. Aliferis was terminated by Mr. Barrish as part of the business transition and Mr. Barrish's desire to have his own team with him.

Plaintiff has filed a Complaint alleging that Defendant Oakton Pavillion violated the Americans with Disabilities Act (ADA) by terminating her based on her disability: cancer.

Judgment as a matter of law should be granted as Plaintiff has failed to establish that Defendant terminated her because of her disability.  In addition, judgment should be granted in Defendant's favor on Plaintiff's claim for damages, including punitive damages.

## II.    SUMMARY OF EVIDENCE PRESENTED DURING TRIAL[1]

Judy Aliferis was hired by Oakton Pavilion Inc. as a Registered Nurse on May 2, 2007. Oakton Pavilion and Oakton Arms are two separate buildings located in Des Plaines, IL. Oakton Pavilion is a skilled nursing facility where co-plaintiff Judy Aliferis was employed.  Until September 1, 2014, both buildings and both operations were owned by "Oakton Pavilion, Inc." The administrator of both buildings prior to September 1, 2014 was Jay Lewkowitz.

On September 1, 2014, both the buildings and operations of Oakton Arms and Oakton Pavilion were bought, respectively, by Generations Health Care at Oakton Arms, LLC and Generations Health Care at Oakton Pavillion, LLC.  Ms. Aliferis was employed by Defendants Generations Health Care Network at Oakton Pavillion, LLC from September 1, 2014 through September 11, 2014.  In March of 2014, Ms. Aliferis was diagnosed with breast cancer.

---

[1] This motion is being filed at the conclusion of Ms. Aliferis' evidence and necessarily is a summary of the evidence presented.  Specific references to testimony and exhibits can be supplemented and amended later for record purposes.

Under the old ownership, Jay Lewkowitz and Maureen Krahl allowed Ms. Aliferis to take as much time as she needed for treatment. However, at no point from September 1, 2014 until September 11, 2014 did Ms. Aliferis request any time off.

Mr. Barrish did not learn about Ms. Aliferis' cancer until August, 2014. Bart Barrish became the acting Administrator and replaced Jay Lewkowitz on September 1, 2014. Mr. Barrish learned that Ms. Aliferis had a "history of cancer" after he began looking for a Director of Nursing.

After the purchase, Defendant continued to enforce and maintain the employment an anti-discrimination policies in place by the old ownership, including the equal employment opportunity and ADA policies.

On September 11, 2014, Mr. Barrish informed Ms. Aliferis of her termination. After informing her of her termination, Mr. Barrish offered to send Ms. Aliferis' resume to other skilled nursing facilities, but Ms. Aliferis did not accept this offer.

Mr. Barrish had made the decision to terminate Ms. Aliferis before he took over as administrator at Oakton. In fact, the search for Ms. Aliferis' replacement began in early July 2014. A replacement for Ms. Aliferis, Felipe Rodriquez, was interviewed by Defendants on July 10, 2014. Bart Barrish testified that neither Ms. Aliferis' health nor her diagnosis of cancer had any impact, effect or influence on his decision to terminate Ms. Aliferis' employment.

## III.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 50 provides that, once a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may grant a motion for

judgment as a matter of law against the party. Fed. R. Civ. P. 50(a). Such a motion may be made at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2).

The standard governing a Rule 50 motion "mirrors that employed in evaluating a summary judgment motion, except that the two motions are made at different times during the proceedings before the district court." *Stanfield v. Dart*, 2014 U.S. Dist. LEXIS 32875, *25 (N.D. Ill. Mar. 13, 2014), *citing Winters v. Fru-Con Inc.*, 498 F.3d 734, 746 (7th Cir. 2007). On a motion for judgment as a matter of law under Fed. R. Civ. P. 50, a court must determine whether the evidence presented at trial, when viewed in the light most favorable to the non-moving party, is sufficient to support the verdict. *Smith v. Farmstand*, 2016 U.S. Dist. LEXIS 140460, *5 (N.D. Ill. Oct. 11, 2016), *citing Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000). The test is whether "no rational juror could have found for the prevailing party." *Id., citing Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002).

## IV.  **JUDGMENT IN DEFENDANT'S FAVOR IS APPROPRIATE ON ALIFERIS' CLAIM UNDER THE ADA AND IHRA AS ALIFERIS HAS FAILED TO PROVE THAT SHE WAS TERMINATED BECAUSE OF HER DISABILITY**

As an initial matter, Defendants note that the jury instructions in this case combine the descriptions and elements of Aliferis' ADA and IHRA claims. To wit, one of the jury instructions – entitled "Elements of ADA and IHRA Claims" – makes no distinction between the two statutes and provides the same elements for each claim. As such, Defendants hereby focus the majority of their argument on binding federal disability discrimination law.

To establish a disability discrimination claim in violation of the ADA and IHRA, Aliferis must establish that (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she has suffered from an adverse employment decision because of her disability. *Spurling v.*

*C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). Seventh Circuit courts have interpreted "because of" to mean "but-for causation." *See Perez v. Transformer Mfrs., Inc.,* 35 F. Supp. 3d 941, 948 (N.D. Ill. 2014), *citing Fleishman v. Cont'l Cas. Co.,* 698 F.3d 598, 603-04 (7th Cir. 2012) (noting that plaintiff "bears the ultimate burden of persuasion to show but-for causation.").

At trial, Ms. Aliferis utterly failed to demonstrate that *but-for* her cancer, she would not have been terminated. *See Washington v. Office of the State Appellate Defender*, 84 F. Supp. 3d 658, 675 (N.D. Ill. 2015) ("Plaintiff's disability discrimination fails in this case because, assuming she meets the ADA disability standard, she still cannot show that Defendant discriminated against her *because of* that disability.") (emphasis in original).

The Seventh Circuit has held that a plaintiff may show that her disability was a "but for" cause of her termination through direct or circumstantial evidence. Although the continued utility of these methods has recently been questioned, the Seventh Circuit has also held that the ultimate question under both methods is "whether a reasonable jury could find prohibited discrimination." *Hooper v. Proctor Health Care Inc*., 804 F.3d 846, 853 (7th Cir. 2015), *citing Bass v. Joliet Pub. Sch. Dist. No. 86,* 746 F.3d 835, 840 (7th Cir. 2014). Based on the uncontested facts at trial, it is apparent, as a matter of law, that Aliferis has failed to persuade a reasonable jury to find in her favor on her ADA discrimination claim.

The uncontested facts at trial revealed that Bart Barrish was asked to assume, and accepted, the role of Administrator at Oakton Pavillion once the sale of the facilities was complete. Upon learning of his new role, and before ever knowing any details about Judy Aliferis, her health, or her disability, Mr. Barrish made the decision to bring with him his own team, which included a new Director of Nursing (DON). To that end, Mr. Barrish requested

potential DON candidates from his consultants.  It was not until after this decision had been made that Mr. Barrish learned that Ms. Aliferis had cancer, and he obtained no further detail regarding her health, treatment or prognosis.

On September 1, 2014, Defendant became the new owner of Oakton Pavillion, and Mr. Barrish assumed his role as Administrator.  In the first ten days of September, 2014, Mr. Barrish, and Ms. Aliferis' replacement Felipe Rodriguez, needed to ensure a smooth transition and feel comfortable with the operation before upper management could be terminated.  On September 11, 2014, Mr. Barrish terminated Ms. Aliferis, and even offered to pass her resume along to other facilities.  It is abundantly clear that Ms. Aliferis was not terminated because of her cancer.

It follows, as a matter of law, that Ms. Aliferis was not terminated *because of* her disability, but rather *because of* Mr. Barrish's long-existing choice to bring on his own team upon becoming Administrator of Oakton Pavillion.  As Ms. Aliferis has not established at trial that she was terminated in violation of the ADA or the IHRA, Defendant's motion should be granted and judgment should be entered in Defendant's favor on Ms. Aliferis' ADA and IHRA claims.

## V.  DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF DAMAGES

As Defendant is entitled to judgment as a matter of law on Ms. Aliferis' ADA and IHRA claims, Defendant is also entitled to judgment as a matter of law on Aliferis' claim for damages, compensatory and punitive.  *See, e.g., El-Bakly v. Autozone, Inc.*, 2009 U.S. Dist. LEXIS 1638, *42 (N.D. Ill. Jan. 9, 2009) (holding that "because the Court grants AutoZone's motion for judgment as a matter of law as to the jury's verdict as to any liability by AutoZone on such a claim, the Court necessarily must overturn the punitive damages award.").  Plaintiff did not

prove her disability discrimination claims, and the evidence does not support any amount of compensatory damages.

There is no basis for a reasonable jury to find the heightened standard for punitive damages has been satisfied as a mater of law. The punitive damages jury instruction in this case, modeled directly on Seventh Circuit Pattern Instruction 3.13, states that punitive damages should be assessed if the jury finds by a preponderance of the evidence that Defendants acted in reckless disregard of Plaintiff's rights. At a minimum, this Court should enter judgment for Defendant on Plaintiff Aliferis' claim for punitive damages.

The record is clear that Defendant did not act with a reckless indifference to Ms. Aliferis' protected rights. Plaintiff simply failed to adduce evidence of Defendant's (or Bart Barrish's) reckless disregard of Plaintiff's constitutional rights. Even if Ms. Aliferis had met her burden in demonstrating that Defendant's conduct violated the ADA (which she did not), Defendant could avoid liability by showing that it engaged in good faith efforts to implement and enforce an anti-discrimination policy. The Northern District of Illinois has recognized that to award punitive damages, the jury *must* find that defendant did not make a good faith effort to implement an anti-discrimination policy[2], and that a managerial employee recklessly disregarded plaintiffs' rights. *Irish v. Jewel Food Stores, Inc.*, 2012 U.S. Dist. LEXIS 23525, *2, 2012 WL 619555 (N.D. Ill. Feb. 23, 2012) (emphasis added); *see also Koerber v. Journey's End, Inc.*, 2004 U.S. Dist. LEXIS 5424, *32-33 (N.D. Ill. Mar. 31, 2004) ("If a plaintiff meets these burdens, the employer can still avoid liability for punitive damages. The employer *must* show that "it engaged in good faith efforts to implement an antidiscrimination [sic] policy.") (emphasis added); *Washington v. DeYoung*, 2004 U.S. Dist LEXIS 14620, *19 (N.D. Ill. Jul. 28, 2004) ("Good faith efforts, by an employer, such as the existence of policies against discrimination and the posting

_____

[2] This is further reflected in the Court Set 2 Jury Instruction on Punitive Damages. (Dkt. No. 155-1).

of such policies, shield an employer from punitive damages claims."). It is undisputed that Defendant possessed, implemented, enforced and followed a policy designed to prevent discrimination. These policies had been in place under the old ownership and continued to stay in place after the purchase. Further, Mr. Barrish, the sole decisionmaker in Ms. Aliferis' termination, testified that he had reviewed the employment policies and understood and was aware Oakton Pavillion had an EEO policy, as well as a policy regarding the Americans with Disabilities Act. In fact, he unequivocally testified that he knew it was unlawful to terminate someone because of that person's disability and that he did *not* terminate Ms. Aliferis because of her disability. There is thus no reckless disregard. Based on the undisputed facts and the law of the Seventh Circuit, there is no legally sufficient evidence on which to base an award of punitive damages.

## CONCLUSION

WHEREFORE, Defendant Generations Health Care Network at Oakton Pavillion, LLC respectfully requests this Honorable Court enter an Order granting judgment as a matter of law in its favor and against Plaintiff Judy Aliferis on all claims, including damages, pursuant to Rule 50 of the Federal Rules of Civil Procedure, and award all further relief that this Court deems just.

Date: April 20, 2017

Respectfully submitted,

**GENERATIONS HEALTH CARE NETWORK AT OAKTON PAVILLION, LLC**


/s/ Patrick F. Moran
Patrick F. Moran

Patrick F. Moran (#6279297)
Goli Rahimi (#6317753)
GORDON & REES LLP
One North Franklin, Suite 800
Chicago, Illinois 60606

Tel:  (312) 565-1400
Fax:  (312) 565-6511
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2017, I electronically filed the foregoing Motion for Judgment as a Matter of Law with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and serve a copy of the foregoing document via electronic mail in accordance with Local Rule 5.9 to:

***Attorney for Plaintiffs***
Miriam N. Geraghty
Jeffrey L. Taren
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan Ave.
Suite 490
Chicago, IL 60604
mgeraghty@ktglawyer.com
jtaren@ktglawyer.com

Respectfully submitted,

By: /s/Patrick F. Moran
     Patrick F. Moran (#6279297)
     Goli Rahimi (#6317753)
     Gordon & Rees, LLP
     1 North Franklin
     Suite 800
     Chicago, IL 60606
     Ph: (312) 565-1400
     Fax: (312) 565-6511